IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | |
|---|---|
| GEORGE FORSYTH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| | ) |
| v | ) Civil Action File No. |
| | ) 1:21-CV-2 |
| | ) |
| | ) |
| ORKIN, LLC, CWH PROPERTIES, LLC, | ) MOTION TO REMAND |
| and BRIAN CLARK, | ) |
| | ) |
| Defendants | ) |
| | ) |

**PLAINTIFF'S MOTION TO REMAND AND
INCORPORATED MEMORANDUM OF LAW
AND UNDISPUTED MATERIAL FACTS**

Comes now the Plaintiff, George Forsyth and hereby files this Motion for Remand and Incorporated Memorandum of Law and Undisputed Material Facts and as grounds therefore states as follow:

**UNDISPUTED MATERIAL FACTS IN SUPPORT
OF PLAINTIFF'S MOTION TO REMAND**

On or about 30 December 2020 Plaintiff filed an amended complaint in Superior Court Civil Action 2020ECV0719 Exhibit C.

On January 4th, 2021 Brian Clark filed a Notice of Removal, moving Superior Court Case 2020ECV0719 to the United States District Court for the Southern District of Georgia, Augusta Division based on Article III of the United States Constitution, 28 U.S.C. 1367, 1441, 1446.

The Amended Complaint filed by the Plaintiff states that Brian Clark, Chief Fire Marshal of Columbia County, as an employee of the State of Georgia and as a Fire Marshal violated his ministerial duties under Georgia Law (not Federal Law) and is liable for compensatory damages and punitive

damages as a consequence of those violations. The legal liabilities for violations of the ministerial duties by a Fire Marshal in Columbia County are stated in the Official Code of Georgia Annotated 50-12-23. Brian Clark is not a Federal employee. No allegations in the Amended Complaint, Exhibit C, relate to any violation of Federal Statute by Brian Clark. This charge of violating of his ministerial duties is the result his failure to perform certain required functions of a Fire Marshal in Columbia County; as required and specified by the Official Code of Georgia Annotated 30-3-1 thru 30-3-9, not any Federal Statute. The allegations in the Amended Complaint, Exhibit C, about Brian Clark must be accepted as facts by the District Court for reasons to be stated in the Memorandum of Law in Support of Plaintiff's Motion to Remand .

Therefore this motion seeks to Remand this Action to Superior Court in Columbia County, Georgia in accordance with 28 U.S.C. 1447(c).

## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION TO REMAND

APPLICABLE FEDERAL STATUTES, STATE STATUTES AND ARTICLE FROM THE UNITED STATES CONSTITUTION:

Federal Statutes 28 U.S.C. 1367, 1441, 1446 and 1447. Article III of the United States Constitution. This matter is under the Jurisdiction of the State of Georgia as documented in the Undisputed Material Facts and provisions in these statutes and Article III Section 2 from the United States Constitution should mandate enforcement of the Rule of Law resulting in the Remand of this Civil Action to the Superior Court in Columbia County, Georgia.

Official Code of Georgia Annotated 30-3-1 thru 30-3-9, in particular O.C.G.A. 30-7-8 and O.C.G.A. 30-7-8.

The Official Code of Georgia Annotated 50-21-23:

(a) The state waives its sovereign immunity for the torts of state officers and employees while acting within the scope of their official duties or employment and shall be liable for such torts in the same manner as a private individual or entity would be liable under like circumstances; provided, however, that the state's sovereign immunity is waived subject to all exceptions and limitations set forth in this article. The state shall have no liability for losses resulting from conduct on the part of state officers or

employees which was not within the scope of their official duties or employment.

(b) The state waives its sovereign immunity only to the extent and in the manner provided in this article and only with respect to actions brought in the courts of the State of Georgia. The state does not waive any immunity with respect to actions brought in the courts of the United States.

    28 United States Code 1447:

(c) A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a). **If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded**. An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal. A certified copy of the order of remand shall be mailed by the clerk to the clerk of the State court. The State court may thereupon proceed with such case. (emphasis added)

APPLICABLE CASE LAW:

Steel Valley Authority v Union Switch and Signal Division 809 F. 2d at 1010, 1012:
It is settled that the removal statutes (28 U.S.C. 1441-1452) are to be strictly construed against removal and all doubts should be resolved in favor of remand. Abels v. State Farm Fire & Casualty Co., 770 F.2d 26, 29 (3d Cir.1985). Ruling on whether an action should be remanded to the state court from which it was removed, the district court must focus on the plaintiff's complaint at the time the petition for removal was filed. *Id.* In so ruling the district court must assume as true all factual allegations of the complaint, Green v. Amerada Hess Corp., 707 F.2d 201, 205 (5th Cir.1983), cert. denied, 464 U.S. 1039, 104 S.Ct. 701, 79 L.Ed.2d 166 (1984), and while nominal or fraudulently joined parties may be disregarded, indispensable parties may not. *Cf. supra* note 2. It remains the defendant's burden to show the existence and continuance of federal jurisdiction. Abels, 770 F.2d at 29; see also 14 C. Wright, A. Miller, & E. Cooper, *Federal Practice and Procedure* § 3739. That burden continues through judgment if not beyond. Adorno Enter., 629 F.Supp. at 1567; *cf.* Rubin v. Buckman, 727 F.2d 71 (3d Cir.1984) (where plaintiff after trial claimed lack of diversity jurisdiction the district court was compelled to vacate the jury verdict in favor of the defendant and dismiss plaintiff's complaint).

CONCLUSION:

    The burden of proof of establishing federal jurisdiction rests upon the party seeking removal. The allegations in the Amended Complaint by the the Plaintiff about Brian Clark , the district court must assume as true factual allegations. This Court lacks jurisdiction because Orkin, LLC, CWH Properties LLC and Brian Clark, Chief Fire Marshal of Columbia County, Georgia failed to meet the burden in proving that the jurisdictional threshold has been met for federal jurisdiction. Therefore, this case should be remanded to the Superior Court in Columbia County Georgia.

Respectfully submitted this 6th day of January 2021.

*[signature]*
GEORGE FORSYTH
Pro Se Plaintiff
3941 Parwood Road
Blythe, Georgia
nforsyth2@comcast.net
Cell 404 909 3993
Land Line 706 592 1543

## CERTIFICATE OF SERVICE

I certify that on January 6th 2021, I hand delivered a copy of this Motion to Remand to : Kyle Waddell, Attorney for Orkin, LLC and CWH Properties, LLC Fulcher Hagler One 10th Street 7th Floor Augusta, Georgia and James Ellington, Attorney for Brian Clark, 801 Broad Street Augusta, Ga.

A copy of this Motion to Remand was also sent via email to Kyle Waddell and James Ellington;

Kwaddell@fulcherlaw.com
jellington@hullbarrett.com

*[signature]*
GEORGE FORSYTH