IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

2021 JAN -8 P 4: 01

CLERK_____
SO. DIST. OF GA.

GEORGE FORSYTH,               )
                             )
        Plaintiff,           )
                             )
                             )
v                            )      Civil Action File No.
                             )      1:21-CV-2
                             )
                             )
ORKIN, LLC, CWH PROPERTIES, LLC,  )   AMENDED COMPLAINT
and BRIAN CLARK,             )
                             )
        Defendants           )
                             )

## AMENDED COMPLAINT AGAINST DEFENDANTS
## ORKIN, LLC, CWH PROPERTIES, LLC AND BRIAN CLARK

Comes the Plaintiff George Forsyth and amends the complaint in the United States District

Court for the Southern District of Georgia Augusta Division in accordance with Rule 15 Amended and

Supplemental Proceedings. All Exhibits cited in this amended complaint have been submitted

previously to this District Court in the defendants Notice of Removal.

### PARTIES

The parties in this Civil Action are George Forsyth, Plaintiff. 3941 Parwood Road, Blythe,

Georgia 30805. Orkin, LLC 4282 Belair Frontage Road, Augusta, Georgia (tenant). CWH, Properties,

LLC 4282 Belair Frontage Road, Augusta, Georgia (landlord). Brian Clark, Chief Fire Marshal

Columbia County, Georgia Building A, 630 Ronald Reagan Drive Evans, Georgia.

### VENUE

All parties are residents of this Southern District of Georgia.

### JURISDICTION

Relief under federal and state law, so subject matter jurisdiction is appropriate. 28 U.S.C.

<u>CLAIMS</u>

ADA CLAIM:

Violations of the Americans with Disabilities Act 1990 (ADA):

Orkin, LLC and CWH Properties LLC are tenant and landlord respectively at 4282 Belair

Frontage Road in Augusta, Georgia are private entities and are both required to comply with the

Federal Americans with Disabilities Act per 42 U.S.C. 12181(7)  and 42 U.S.C. 121812(a). (Exhibit 11)

The Plaintiff was disabled within the meaning of ADA, 42 U.S.C 12102, as documented by the

attached Affidavit. (Exhibit 2) and the Plaintiff was injured on 1 February 2020 at the Orkin, LLC

entrance due to these violations of the ADA as documented by the attached Affidavits.  (Exhibit 3 and

Exhibit 10)

The attached Affidavit by Derek Hodgin, Forensic Engineer, documents in detail the violations

of the ADA by Orkin, LLC and CWH Properties, LLC. (Exhibit 4).

The structural violations at the Orkin, LLC entrance on 1 February 2020  that violated the ADA

and injured the Plaintiff were violations that should have been eliminated per 42 U.S.C. 12182(b)(2)

(A)(iv) and correcting these violations was readily achievable 42 U.S.C. 12181(9).  Orkin, LLC and

CWH Properties had the resources to achieve these modifications (Exhibit 6 and Exhibit 11).  ADA

Title III 4-4200 describes modifications that are readily achievable including "2) Making curb cuts in

sidewalks and entrances" was the modification that would have prevented injury to the Plaintiff.  The

structural violation was the presence of a 2 inch curb at the entrance violating ADA standard 303.2

(Exhibit 4)

The ADA permits private individuals to seek injunctive relief. *Molski*, 481 F.3d at 730. When

the Court has determined that a defendant violated the ADA, "injunctive relief shall include an order to

alter facilities to make such facilities readily accessible to and usable by individuals with disabilities."

42. U.S.C.A. § 12188.

STATE CLAIM:

Orkin, LLC is the tenant (occupier) and CWH Properties, LLC is the landlord (owner) at 4282 Belair Frontage Road  Augusta, Georgia and as such the property is a public building per O.C.G.A. 30-3-2(8) and is required to comply with O.C.G.A. 30-3-1 thru 30-3-9.  Failure to comply can result in damages to the injured party:

O.C.G.A. 51-3-1 (2010)
*51-3-1. Duty of owner or occupier of land to invitee:*
*Where an owner or occupier of land, by express or implied invitation, induces or leads others to come upon his premises for any lawful purpose, he is liable in damages to such persons for injuries caused by his failure to exercise ordinary care in keeping the premises and approaches safe.*

O.C.G.A. 51-1-6 (2010)
*51-1-6. Recovery of damages upon breach of legal duty*
*When the law requires a person to perform an act for the benefit of another or to refrain from doing an act which may injure another, although no cause of action is given in express terms, the injured party may recover for the breach of such legal duty if he suffers damage thereby*

This state claim for damages is supplemented by Appeals Court Opinions stated in No. 97-5313 United States Court of Appeals, Sixth Circuit Smith v. Wal-Mart Stores, Inc. 167 F.3d 286 (6th Cir. 1999) Decided Jan 27, 1999 , A99A1033 Court of Appeals of Georgia Val D'Aosta Co. v. Cross 241 Ga. App. 583 (Ga. Ct. App. 1999) • 526 S.E.2d 580 Decided Dec 3, 1999 and  No. A12A1114 Court of Appeals of Georgia. Newman v Johnson 733 S.E.2d 520 (Ga. Ct. App. 2012) Decided Oct 26, 2012.

The violations of State Law resulted from the failure of Orkin, LLC and CWH Propeties, LLC to modify the parking lot in front of the Orkin, LLC entrance.  The Affidavit by Derek Hodgin (Exhibit 4) documents the resurfacing of the parking lot and violations of the codes and laws requiring compliance with the Georgia Disabilities Act; specifically enforcement provisions under O.C.G.A. 30-3-7; as required by the renovations that were performed to the parking lot per O.C.G.A. 30-3-2 (11)(C), which could result in criminal sanctions per O.C.G.A. 30-3-8.

Detection by inspection of the resurfacing of the parking lot in front of the Orkin, LLC entrance ,that had been renovated without a permit which was allowed under O.C.G.A. 30-3-2(11)(C), was part of the ministerial duties by Brian Clark that were not performed.

Brian Clark, Chief Fire Marshal, was then required to detect by inspection this resurfacing event without a permit and enforce compliance with the Georgia Disabilities Act. The statement by Brian Clark in Exhibit 5 (permissible as evidence per Exhibit 13) refusing to inspect and enforce compliance of a resurfaced parking lot without a permit was and is a wanton and willful act that violates his ministerial duties and results in a claim for compensatory damages and punitive damages. (O.C.G.A. 51-1-6 and O.C.G.A. 50-21-23)

The damages to the Plaintiff are documented in Exhibit 3 and Exhibit 4. The severity of Complex Regional Pain Syndrome resulting from the injury on 1 February 2020 is documented in Exhibit 10. The fact that Complex Regional Pain Syndrome resulted from the fall by the Plaintiff on 1 February 2020 is documented in the Affidavit by Dr Shah (Exhibit 3).

The Affidavit by Derek Hodgin documents the willful misconduct by Orkin, LLC and CWH Properites, LLC Exhibit 4 Item 41 Page 9.

Plaintiff was part of covered class on February 1, 2020 for two reasons, he was both elderly and disabled. Exhibit 1 and Exhibit 2.

<u>RELIEF</u>

The Plaintiff under the Federal ADA seeks an order to alter the entrance to the Orkin, LLC property resulting readily achievable modifications resulting in the Orkin, LLC entrance being in compliance with ADA standard 303.2.

Compensatory damages requested in this amended complaint due to violations of State Law are $3,100,000 due to the permanent Pain and Suffering from Complex Regional Pain Syndrome caused by the fall at the Orkin, LLC entrance on 1 February . The Plaintiff in California that suffered pain due to the injury and diagnosis of Complex Regional Pain Syndrome was awarded $3,175,000 (Exhibit 12).

Punitive damages in the amount of $250,000 are requested due to the willful and wanton behavior by Brian Clark and Orkin, LLC and CWH Properties, LLC.

Respectfully submitted this 8th day of January

GEORGE FORSYTH
PRO SE PLAINTIFF

## CERTIFICATE OF SERVICE

I certify that on January 8th day of 2021, a true and correct copy of this Amended Complaint was mailed to : Kyle Waddell, Attorney for Orkin, LLC and CWH Properties, LLC Fulcher Hagler One 10th Street 7th Floor Augusta, Georgia 30901and James Ellington, Attorney for Brian Clark, 801 Broad Street 7th Floor Augusta, Ga 30901.

GEORGE FORSYTH