IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | |
|---|---|
| GEORGE FORSYTH,<br><br>    Plaintiff,<br><br>    v.<br><br>ORKIN, LLC; CWH PROPERTIES, LLC; and BRIAN CLARK,<br><br>    Defendants. | CV 121-002 |

**O R D E R**

Presently before the Court is: (1) Plaintiff's motion to remand (Doc. 7); (2) Plaintiff's amended motion for summary judgment (Doc. 9); (3) Defendants Orkin, LLC and CWH Properties, LLC's "Expedited Motion for Continuance in Response to Plaintiff's Motion for Summary Judgment Pursuant to Fed. R. Civ. P. 56(d) and 6(b)" (Doc. 16); and (4) Defendant Brian Clark's "Expedited Motion for Continuance in Response to Plaintiff's Motion for Summary Judgment Pursuant to Fed. R. Civ. P. 56(d) and 6(b)" (Doc. 17).

**I. MOTION TO REMAND**

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994) (internal

citations omitted). As such, a defendant may only remove an action from state court if the federal court would possess original jurisdiction over the subject matter. See 28 U.S.C. § 1441(a). A federal district court has original jurisdiction over two types of civil actions: (1) those arising under federal law ("federal question jurisdiction") and (2) those involving diversity of citizenship ("diversity jurisdiction"). See 28 U.S.C. §§ 1331, 1332.

Removal jurisdiction based on a federal question "is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987) (citing Gully v. First Nat'l Bank, 299 U.S. 109, 112-13 (1936)). "In plain terms, unless the face of a plaintiff's complaint states a federal question, a defendant may not remove a case to federal court on this basis, even though a possible defense might involve a federal question." Ervast v. Flexible Prod. Co., 346 F.3d 1007, 1012 (11th Cir. 2003) (citing Kemp v. Int'l Bus. Machs. Corp., 109 F.3d 708, 712 (11th Cir.1997)). Here, Defendants bear the burden of establishing that removal is proper. See Leonard v. Enter. Rent a Car, 279 F.3d 967, 972 (11th Cir. 2002) ("A removing defendant bears the burden of proving proper federal jurisdiction.").

Defendants claim that the Court has jurisdiction under 28 U.S.C. § 1331 because this case involves a federal question under

the Americans with Disabilities Act "ADA". (Doc. 14, at 5.) Further, Defendants claim that the Court may exercise supplemental jurisdiction over the related state-law claims under 28 U.S.C. § 1367. (Id. at 7.)

Plaintiff, proceeding *pro se*, filed his initial complaint in the Superior Court of Columbia County, Georgia on November 25, 2020. (See Doc. 1-5.) In his complaint, Plaintiff states his legal claims "include the failure of Orkin, LLC and CWH Properties to implement compliant public building accessibility for the elderly and disabled per . . . [O.C.G.A. §§] 30-3-1 [through] 30-3-9 . . . and failed to implement compliant access per . . . the [ADA]." (Id. at 2.) Plaintiff then filed an amended complaint in the Superior Court on December 30, 2020. (See Doc. 1-21.) His amended complaint also seeks recovery for violations of O.C.G.A. §§ 30-3-1 through 30-3-9. (Id. at 2.) Moreover, Plaintiff cites to Smith v. Wal-Mart Stores, Inc., 167 F.3d 286 (6th Cir. 1999) and states "damages from violations in the federal law 'impliedly provides a private cause of action under state law for individuals harmed by violation of the federal statute.'" (Id.) Further, his initial and amended complaints only seek monetary damages. (Doc. 1-5, at 2; Doc. 1-21, at 3.)

Upon reviewing the face of Plaintiff's initial and amended complaints filed in the Superior Court, the Court does not find

3

Plaintiff's claims arise under federal law.[1] First, Plaintiff does not cite to any specific code section of the ADA, he merely refers to it when arguing the ADA allows him to bring his state-law claims.[2] Second, Plaintiff only seeks monetary damages and therefore he cannot bring suit under Title III of the ADA.[3] See Berkery v. Kaplan, 518 F. App'x 813, 814 (11th Cir. 2013) ("[T]here is no private right of action for money damages under Title III [of the ADA]." (internal quotations omitted)).

However, two days after filing his motion to remand, Plaintiff filed a second amended complaint in this Court. (Doc. 8.) Plaintiff did not seek Defendant's written consent or the Court's leave to file this seconded amended Complaint as required by Federal Rule of Civil Procedure 15(a)(2). See FED. R. CIV. P. 15(a)(1)-(2) ("A party may amend its pleading once as a matter of course within . . . 21 days after serving it . . . . In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave."). Nevertheless, given that Defendants cite to Plaintiff's second amended complaint in support of removal and have already filed answers to it, the Court will allow Plaintiff's second amended complaint to stand on the docket.

---

[1] Although, as Defendants point out, Plaintiff's motion for summary judgment alleges specific violations under the ADA, the Court is limited to the face of Plaintiff's complaint. (See Doc. 14, at 2, 4.)
[2] The Court will not address the merits of this argument here.
[3] Title III of the ADA is the only title under which Plaintiff can bring an ADA claim because this is not an employment case (Title I) and Defendants are not public entities (Title II).

4

Unlike in his prior complaints, Plaintiff specifically outlines a claim against Defendants for violations under the ADA in his second amended complaint. (Doc. 8, at 2.) Moreover, Plaintiff seeks injunctive relief, which is proper under the ADA. (Id.) Thus, the Court has original jurisdiction over Plaintiff's ADA claims and supplemental jurisdiction[4] over his state-law claims. Plaintiff's motion to remand is therefore **DENIED AS MOOT**.

## II. 56(d) MOTION

The Federal Rules of Civil Procedure permit the filing of a motion for summary judgment at any time after the filing of the complaint. FED. R. CIV. P. 56(b). However, Federal Rule of Civil Procedure 56(d)[5] "allows a district court to deny a summary judgment motion when a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition." Garner v. City of Ozark, 587 F. App'x 515, 518 (11th Cir. 2014) (internal quotation marks omitted). A motion under this Rule "must be supported by [declaration or] an affidavit which sets forth with particularity the facts the moving party expects to discover and how those facts would create a

---

[4] See 28 U.S.C. § 1367(a) ("[I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy.").
[5] Effective December 1, 2010, Rule 56(f) was renumbered to 56(d), without any substantial changes to the Rule. See Fed. R. Civ. P. 56, Advisory Committee notes to the 2010 amendments. Any case law herein referring to Rule 56(f) has been altered to 56(d).

genuine issue of material fact precluding summary judgment." Id. (citing Harbert Int'l, Inc. v. James, 157 F.3d 1271, 1280 (11th Cir. 1998)). The moving party must do more than "'rely on vague assertions that additional discovery will produce needed, but unspecified facts,' rather the party must specifically demonstrate how delaying a ruling on the motion will enable it to rebut the movant's showing that there is no genuine issue of material fact." Williams-Evans v. Advance Auto Parts, CV 118-148, 2019 WL 2426443, at *2 (S.D. Ga. June 7, 2019) (citing Reflectone, Inc. v. Farrand Optical Co., 862 F.2d 841, 843-44 (11th Cir. 1989)).

"Whether to grant or deny a [Rule 56(d)] motion for discovery requires the court to balance the movant's demonstrated need for discovery against the burden such discovery will place on the opposing party." Garner, 587 F. App'x at 518 (internal quotation marks omitted). With that burden in mind, the Eleventh Circuit has held: "[s]ummary judgment is premature when a party is not provided a reasonable opportunity to discover information essential to his opposition." Smith v. Fla. Dep't of Corr., 713 F.3d 1059, 1064 (11th Cir. 2013) (citing Anderson, 477 U.S. at 250 n.5); see also WSB-TV v. Lee, 842 F.2d 1266, 1269 (11th Cir. 1988) (finding the "common denominator" of the Supreme Court's jurisprudence on summary judgment is "that [it] may only be decided upon an adequate record").

Plaintiff filed his second amended complaint (Doc. 8), which alleged additional claims against Defendants, and amended motion

6

for summary judgment on the same day (Doc. 9). Defendants have had no opportunity to pursue discovery. Defendants argue they need time to "evaluate or challenge [Plaintiff's] expert witnesses' opinions," and designate defense or rebuttal witnesses. Moreover, this case involves a personal injury and Defendants "need more time to conduct interviews . . . of Plaintiff's medical providers." (Doc. 16, at 10.) Finally, Plaintiff has not articulated any burden that weighs against granting Defendants' motions. (See Doc. 18.)

Therefore, the Court finds Plaintiff's amended motion for summary judgment to be premature. The Court expresses no opinion on the merits of Plaintiff's amended motion for summary judgment, and thus, has no objection to it being re-filed at any time prior to the deadline set in the forthcoming scheduling order.

### III. CONCLUSION

For the reasons set forth above: (1) Plaintiff's motion to remand (Doc. 7) is **DENIED AS MOOT**; (2) Plaintiff's amended motion for summary judgment (Doc. 9) is **DENIED WITHOUT PREJUDICE**; (3) Defendants Orkin, LLC and CWH Properties, LLC's "Expedited Motion for Continuance in Response to Plaintiff's Motion for Summary Judgment Pursuant to Fed. R. Civ. P. 56(d) and 6(b)" (Doc. 16) is **GRANTED**; and (4) Defendant Brian Clark's "Expedited Motion for Continuance in Response to Plaintiff's Motion for Summary Judgment Pursuant to Fed. R. Civ. P. 56(d) and 6(b)" (Doc. 17) is **GRANTED**.

**ORDER ENTERED** at Augusta, Georgia, this 29th day of January, 2021.

_____
J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA